HENRY J. BOSTWICK, AS EXECUTOR, ETC., APPELLANT, v. LUCIEN H. BROWN, RESPONDENT.

*Suit by executor—when he is personally liable for costs.*

This action was brought by the plaintiff, as executor, upon a promise made to him after the decease of his testator. A verdict having been rendered for the defendant, a judgment for costs was entered against the plaintiff, in the ordinary form, and without reference to his representative character, and an execution was issued against him *de bonis propriis.*
*Held,* that this was proper.

APPEAL from an order denying a motion to vacate a judgment, and set aside an execution issued thereon.

*Stilwell & Roberts*, for the appellant.

*C. F. Taber*, for the respondent.

TALCOTT, P. J.:

This is an appeal from an order made at the Erie Special Term, denying a motion to set aside and vacate a judgment and execution in this action.

The plaintiff commenced the action as executor of the last will and testament of John E. Willis, deceased, and the action appears by the complaint, to have been founded upon a promise made after the decease of the testator. The cause went to trial, and the jury found a verdict for the defendant. After the verdict, the attorneys for the defendant went on and entered a judgment in favor of the defendant for the defendant's costs $114.99, which judg-

ment was entered against the plaintiff in the ordinary form, taking no notice of the representative character in which the plaintiff had sought to maintain the action, and issued execution against the plaintiff *de bonis propriis*.

The plaintiff's attorney made a motion to set aside and vacate the said judgment and execution, because the same was entered without an order of the court charging the plaintiff personally with the costs. As we understand the rule now settled, after much diversity of opinion, it is as follows : " Where it appears by the record that the cause of action, if any, arose after the death of the testator, such right of action rests in the executor in his private right, and he cannot in such case escape the penalty of costs by suing in form in his representative capacity. If he fails to obtain judgment in such case, no motion is necessary to charge such plaintiff with costs. Judgment therefore may be entered, of course, as in ordinary case, upon the clerk's taxation." (*Holdridge* v. *Scott*, 1 Lansing, 303; *Smith* v. *Patten*, 9 Abb. Pr. [N. S.], 205.)

The order of the Special Term appealed from is affirmed, with ten dollars costs and disbursements.

Present—TALCOTT, P. J., SMITH and HARDIN, JJ.

Order appealed from affirmed, with costs and disbursements.